[Civ. No. 421.    Third Appellate District.—July 9, 1909.]

## THE CONSOLIDATED PEOPLE'S DITCH COMPANY, a Corporation, Appellant, v. CENTRAL CALIFORNIA WATER AND IRRIGATION COMPANY et al., Substituted for J. W. C. POGUE, Respondents.

JUDGMENT DETERMINING WATER RIGHTS—STIPULATION—CORPORATIONS SUBSTITUTED FOR RESPONDENT—MODIFICATION—AFFIRMANCE.—*Held,* that, it being stipulated that certain corporations are the successors in interest of the original respondent upon this appeal from a judgment determining the water rights between the appellant and respondent, the judgment is modified accordingly, and as so modified is affirmed.

APPEAL from a judgment of the Superior Court of Tulare County.    W. B. Wallace, Judge.

The facts are stated in the opinion of the court.

Bradley & Farnsworth, and E. O. Larkins, for Appellant.

Hannah & Miller, for Respondent, J. W. C. Pogue.

H. T. Miller, for Substituted Respondent, Central California Water and Irrigation Company.

Maurice E. Power, for The Kaweah Power and Water Company, Respondent.

Charles G. Lamberson, for Individual Defendants, Respondents.

THE COURT.—Pursuant to stipulation, it is ordered:

That the portion of the judgment in said action which reads as follows:

"First.—It is ordered, adjudged and decreed that the following lands of defendant, J. W. C. Pogue, are riparian to

the Kaweah River, to-wit: That part of the west half of Section Thirty-five in Township Seventeen South, Range Twenty-seven East of the Mount Diablo Base and Meridian, lying east and south of the mid-channel of the Kaweah River, also the northeast quarter, and the West half of the Northwest quarter of the Southeast quarter of said Section Thirty-five; and that portion of Section Three, in Township Eighteen South, Range Twenty-seven East, of the Mount Diablo Base and Meridian, lying east and south of the mid-channel of said Kaweah River, and that six cubic feet per second, and no more, of the water flowing in said Kaweah River is a reasonable quantity of water for the irrigation of said riparian land and for domestic purposes and the watering of live stock thereon by said defendant, J. W. C. Pogue, and it is ordered, adjudged and decreed that, as between plaintiff and said defendant J. W. C. Pogue, said defendant, J. W. C. Pogue, has, as a riparian owner and as against plaintiff, the prior and superior right to take and divert from the Kaweah River by means of the Pogue, Wallace and Crocker Ditch, or Pogue's Lower Ditch, six cubic feet of water per second of the water flowing in said Kaweah River, and no more until said plaintiff is first supplied at the head of its ditch, the Consolidated Peoples Ditch, with three hundred cubic feet of water per second of the water flowing in said Kaweah River during the months of January, February, March, April, May, June, July, November and December of each year, and with forty cubic feet of water per second of the water flowing in said Kaweah River during the months of August, September and October of each year and that said defendant, J. W. C. Pogue, in the use of said six cubic feet of water per second of the waters of said Kaweah River has the right to use the same on said riparian lands and on lands away from and not riparian to said Kaweah River; and that after said defendant, J. W. C. Pogue, is first supplied, at the head of said Pogue, Wallace and Crocker Ditch, or at the head of said Pogue's Lower Ditch, with said six cubic feet of water per second of the water flowing in said Kaweah River, then said plaintiff is entitled at the head of its said ditch to take and divert from said Kaweah River three hundred cubic feet of water per second of the water flowing in said Kaweah River during the months of January, February, March, April, May, June, July, November and December of each year, and to so

take and divert from said Kaweah River forty cubic feet of water per second of the water flowing in said Kaweah River during the months of August, September and October of each year, before said defendant, J. W. C. Pogue, is entitled to take or divert any more water from said Kaweah River by means of said Pogue, Wallace and Crocker Ditch, or said Pogue's Lower Ditch, or otherwise; and it is further ordered, adjudged and decreed that plaintiff have the injunction of this Court perpetually, enjoining and restraining the said defendant, J. W. C. Pogue, his agents, servants, employees, tenants, and all others acting under him or his authority, or in aid of or on behalf of him, from taking or diverting by means of said Pogue, Wallace and Crocker Ditch, or said Pogue's Lower Ditch, or otherwise, more than six cubic feet of water per second of the water flowing in said Kaweah River, or thereafter in any manner interfering with the free and natural flow of the water of said Kaweah River, until said plaintiff is first supplied at the head of its ditch with three hundred cubic feet of water per second of the water flowing in said Kaweah River during the months of January, February, March, April, May, June, July, November and December of each year, and forty cubic feet of water per second of the water flowing in said Kaweah River during the months of August, September and October of each year; and it is further ordered, adjudged and decreed that as between said plaintiff and said defendant, J. W. C. Pogue, said plaintiff do have and recover judgment against said defendant, J. W. C. Pogue, one-half of the costs and disbursements incurred by said plaintiff in said action, which one-half of said costs and disbursements amounts to the sum of $——— which said plaintiff is entitled to as its costs of suit," be and the same is hereby changed and modified so that said portion of said judgment shall be and read as follows:

"First.—It is ordered, adjudged and decreed that as between said plaintiff, The Consolidated Peoples Ditch Company, a corporation, and said defendants, Central California Water and Irrigation Company, a corporation (also known as and called Central California Water Company, a corporation), and the Mercantile Trust Company of San Francisco, a corporation, that said defendants have the prior and superior right to take and divert from the Kaweah River by means of the Pogue, Wallace and Crocker Ditch, or Pogue's

Lower Ditch, or both of said ditches together, but not otherwise, six cubic feet of water per second of the water flowing in said Kaweah River, and no more, and that no more than six cubic feet of water per second of the water flowing in said Kaweah River shall be taken or diverted from said Kaweah River by said defendants, Central California Water and Irrigation Company, a corporation (also known as and called Central California Water Company, a corporation), and the Mercantile Trust Company of San Francisco, a corporation, by means of said Pogue, Wallace and Crocker Ditch, or Pogue's Lower Ditch, or both of said ditches together, until said plaintiff is first supplied at all times, at the head of its ditch, the Consolidated Peoples Ditch, with three hundred cubic feet of water per second of the water flowing in said Kaweah River; and that after said defendants have so taken and diverted said six cubic feet of water per second of the waters of said Kaweah River, said plaintiff has the prior and superior right as against said defendants, and each of them, and their and each of their successors and assigns to take and divert from said Kaweah River the next three hundred cubic feet of water per second of the water flowing in said Kaweah River at the head of plaintiff's ditch, and it is further ordered, adjudged and decreed that plaintiff have and is granted the injunction of the Superior Court of the County of Tulare, State of California, perpetually enjoining and restraining the defendants Central California Water and Irrigation Company, a corporation (also known as and called Central California Water Company, a corporation), and the Mercantile Trust Company of San Francisco, a corporation, and each of them, and their and each of their agents, officers, servants, employees, tenants, successors and assigns, and all others acting under them, or either of them, or under their or either of their authority, or in aid of them, or either of them, or for or on behalf of them or either of them, from taking or diverting any water from said Kaweah River, except as aforesaid, or from in any manner interfering with the free and natural flow of the waters of said Kaweah River, except as aforesaid.''

And the court below is directed to change and modify the judgment as aforesaid, and as so changed and modified the judgment is affirmed.